Reese, J.
delivered the opinion of the court.
The defendant in error on motion, and without notice, appearance or defence, recovered a judgment against the plaintiff in error, in the circuit court for Williamson county, for money paid by his intestate as co-surety with the plaintiff in error. The plaintiff in error brought his writ of error coram nobis to reverse said judgment for error in fact, and the error assigned was that more than six years had intervened between the payment' of the money and the making of the motion, and that, therefore, the statute of limitations of six years barred the- claim upon which the motion was founded.
The question involved in the writ of error coram nobis was decided in the circuit court against the plaintiff in error, and he has brought the cause to this court.
It is held, 1 Yer. 455, and 1 Humph. 21, and during the present term, that in cases before the justices of the peace, the bar of the statute arises out of the evidence and must be applied according to truth and substance, and not according to the form of action, in the same manner as in courts of equity. The principle of these decisions applies with equal force to these, summary remedies by motion given by statute to courts at law. The motion is in substance and legal effect an action, but the form of the action is not specific or named in the statute of limitations. If the statute applies at all therefore, it cannot apply to the form of the action, but must arise out of the evidence and be applied to the substance of the case. To hold that it does not apply at all in cases where a common law action, if brought for the same thing, would be barred, or bill in chancery by analogy, would be to give an effect to these summary remedies beyond the purpose of *336 their creation, and alike violative of the general policy of our laws and the principles of right. This being so, there is no difficulty in holding that the writ of error coram nobis is the proper remedy. It is the only remedy at law. If it do not exist, the party would be without any remedy. It has been used in similar cases by our practice heretofore.
We are of opinion, therefore, that the last judgment of the circuit court is erroneous, and must be reversed, and this court proceeding to give such judgment as the circuit court ought to have given, we reverse the first judgment.